# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>     vs.<br>CHRIS ALLEN SODERBERG,<br><br>                              Defendant. | CASE NO. 07CR2050-LAB<br><br>ORDER |

The Court has read and considered the *ex parte* applications for the issuance of subpoenas pursuant to F.R.Crim.P. 17(c) lodged with chambers October 15, 2007, on behalf of defendant Chris Allen Soderberg.  Mr. Soderberg is charged with bank robbery, and a jury trial is scheduled to commence on November 14, 2007. The application for a Rule 17(c) subpoena for "any and all written policies regarding how bank employees should respond to an attempted robbery of the bank" is DENIED.  The application for an order permitting defense counsel to take photographs of relevant locations within the bank that are accessible to the general public is GRANTED.

Rule 17(c) permits a district court to authorize the issuance of a subpoena for books, papers, documents and other data that is necessary to the defense. "Necessary" means "relevant, material, and useful." *United States v. Gallagher*, 620 F.22d 797, 799 (10th Cir.) (quoting *United States v. Barker*, 553 F.2d 1013, 1020 (6th Cir. 1977)), *cert*.

1  *denied*, 449 U.S. 878 (1980). To show necessity, a defendant must demonstrate

2  particularized need. *United States v. Rogers*, 921 F.2d 1089, 1094 (10th Cir. 1990), *cert*.

3  denied, 501 U.S. 1211 (1991). Failure to set forth the specific basis of materiality

4  prevents the Court from assessing whether the materials will likely be relevant and useful,

5  and is an adequate ground for the denial of a request for a subpoena under Rule 17(c).

6  *United States v. Hernandez-Urista*, 9 F.3d 82, 84 (10th Cir. 1993).

7       In his application in support of the issuance of Rule 17(c) subpoenas, defendant

8  maintains there exists written policies of the bank purporting to instruct bank employees

9  how to respond to attempted bank robberies. Counsel's declaration in support of the

10  request states his belief the bank has a policy of instructing tellers to turn over $1000

11  cash whenever they are confronted by a bank robber demanding money.

12       Even assuming counsel's belief is supportable and the bank has such a policy (a

13  proposition the Court seriously doubts), the Court finds the foregoing recital inadequate to

14  support a conclusion the requested materials are "necessary to the defense."  Whether

15  the bank has a policy of automatically turning over $1000 when confronted by would-be

16  robbers demanding money does not inform the issue of whether actual "force and fear"

17  can be shown in this case. The gist of defendant's theory of materiality seems to be that

18  if he can show the bank instructed tellers to automatically turn over money whenever it is

19  demanded from them, then necessarily no teller could act through "force or fear."  The

20  Court rejects this proposition as unsupported and illogical. Whether the alleged victim

21  teller in this case was subjected to an actual "threat of force" and subjected to actual

22  resultant "fear" is for the trier of fact to resolve at trial. The existence or nonexistence of

23  an alleged policy governing how tellers should react during a bank robbery does not, in

24  the Court's judgment, materially inform that ultimate issue. The Court finds, accordingly,

25  there has been no showing of "necessity" as to the requested records as required by Rule

26  17(c). Defendant's *ex parte* application for subpoenas pursuant to Rule 17(c) is DENIED.

27       Defendant's request for an order to photograph relevant, publicly-accessible areas

28  within the bank for use as evidence at trial is GRANTED.

1    The Clerk of the Court shall file defendant's applications **UNDER SEAL**.  However,
2 this Order shall *not* be filed under seal and a copy of the Order shall be served on all
3 parties.

5    DATED:  October 18, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge